IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

E & R ENTERPRISE LLC,                          :
                                               :
       Plaintiff,                 :
                                               :
v.                                             :    Civil Action No. 14-01452-LPS
                                               :
THE CITY OF REHOBOTH BEACH, a                  :
municipal corporation of the State of          :
Delaware; STAN MILLS, as a Member of           :
the City of Rehoboth Beach Board of            :
Commissioners; KATHY MCGUINESS,                :
as a Member of the City of Rehoboth            :
Beach Board of Commissioners;                  :
PATRICK GOSSETT, as a Member of the            :
City of Rehoboth Beach Board of                :
Commissioners; LORRAINE ZELLERS,               :
as a Member of the City of Rehoboth            :
Beach Board of Commissioners; TONI             :
SHARP, as a Member of the City of              :
Rehoboth Beach Board of Commissioners;         :
BILL SARGENT, as a Member of the City          :
of Rehoboth Beach Board of                     :
Commissioners; SAMUEL R. COOPER,               :
as Mayor of the City of Rehoboth Beach         :
and as a Member of the City of Rehoboth        :
Beach Board of Commissioners; SHARON           :
LYNN, as City Manager of the City of           :
Rehoboth Beach; and TERRI SULLIVAN,            :
as Chief Building Inspector of the City of     :
Rehoboth Beach,                                :
                                               :
       Defendants.                :

Todd A. Coomes and Travis S. Hunter of RICHARDS, LAYTON & FINGER, P.A.,
Wilmington, Delaware. Attorneys for Plaintiff.

Megan T. Mantzavinos and Emily K. Silverstein of MARKS, O'NEIL, O'BRIEN, DOHERTY &
KELLY, P.C., Wilmington, Delaware. Attorneys for Defendants.

## MEMORANDUM OPINION

July 31, 2015
Wilmington, Delaware

*(signature)*

**STARK, U.S. District Judge:**

Plaintiff, E & R Enterprise LLC, ("E & R"), filed this action on November 18, 2014 in the Delaware Court of Chancery against Defendant City of Rehoboth Beach ("City"). The City removed the case to this Court on December 2, 2014.

Plaintiff filed an Amended Complaint on December 12, 2014 against City of Rehoboth Beach, Stan Mills ("Mills"), Kathy McGuiness ("McGuiness"), Patrick Gossett ("Gossett"), Lorraine Zellers ("Zellers"), Toni Sharp ("Sharp"), Bill Sargent ("Sargent"), Samuel R. Cooper ("Cooper"), Sharon Lynn ("Lynn"), and Terri Sullivan ("Sullivan") (collectively, "Defendants"). (D.I. 5) In its Amended Complaint, Plaintiff seeks damages, declaratory judgment, and injunctive relief for alleged violations of its rights under the Fourteenth Amendment of the U.S. Constitution and under Article I, Sections 7 and 9 of the Delaware Constitution. All of Plaintiff's claims arise from Defendants' rejection of Plaintiff's Building Permit Application ("BPA") based on what Plaintiff contends was improper application of a subsequently-adopted resolution relating to the construction of swimming pools.

Pending before the Court is Defendants' Motion To Dismiss Plaintiff's Amended Complaint pursuant to Rule 12(b)(1) for lack of subject-matter jurisdiction and Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (D.I. 11) The Court held oral argument on July 21, 2015. (*See* Transcript ("Tr.")) For the reasons discussed below, the Court will grant the motion in part and deny it in part.

## I. BACKGROUND

Plaintiff purchased 200 Laurel Street, in Rehoboth Beach, Delaware, in August of 2014, intending to build a residential home with a centrally located pool. (D.I. 5 ¶¶ 15-16) On

1

September 12, 2014, Plaintiff attended a Joint Meeting of the Board of Commissioners and the Planning Commission of the City, during which City officials directed attendees to submit – before September 19, 2014 – any application to build a pool, so that those applications could be reviewed under "currently applicable standards." (D.I. 5 ¶ 18)  At that time, the City had a practice of requesting clarification and/or additional information when a building permit application was insufficient. (*Id.* ¶ 21)  Plaintiff submitted its application on September 15. (*Id.* ¶ 19)

On September 19, Defendants passed Adopted Resolution No. 0914-02 ("Adopted Resolution"), which proposed a public hearing concerning "a moratorium on permits or other approvals for the construction of unenclosed swimming pools within the residentially zoned districts of the City." (D.I. 12 Ex. 2)  The Adopted Resolution included an ordinance imposing the moratorium on pool construction ("Ordinance") and was made subject to the pending ordinance doctrine. (*Id.*)  Section 4 of the Ordinance states:

> This moratorium shall not apply to: (1) applications for permits or other approvals for construction of unenclosed swimming pools finally approved by the City prior to the September 19, 2014 introduction of this Ordinance; and (2) complete applications filed and pending with the City as of the September 19, 2014 introduction of this ordinance that include all information necessary for processing by the City, including information necessary to determine compliance with all applicable Federal, State, and City laws and regulations; and (3) applications for permits or other approvals for the maintenance and repair of existing Swimming Pools.

(*Id.*)

On October 14, the City informed Plaintiff verbally of the rejection of E & R's BPA and told Plaintiff's contractor, Allen Walker, that the City could not accept changes or additional

information. (D.I. 5 ¶ 30) The next day, Defendants Lynn and Sullivan told Walker that the application had been rejected due to the City's "interpretation and application of Section 4 of the Adopted Resolution." (*Id.* ¶ 31)

After the City rejected Plaintiff's BPA, Defendant Cooper and other City agents told Plaintiff that the appropriate procedure to resolve the issue would include a discussion with Lynn and the City Solicitor. (*Id.* ¶ 32) Moreover, Cooper and City agents asked that E & R take no further action until the rejection of the BPA could be reviewed further. (*Id.*)

Plaintiff met with Lynn, the City Solicitor, and the City's Assistant Building Inspector on October 23 (*id.* ¶ 36), and next attended an executive session with the Mayor, Commissioners, and Lynn on October 31 (*id.* ¶ 37). However, it was not until an executive session on November 17, 2014 that the City stated it would take no further action on the Adopted Resolution or Plaintiff's BPA. (*Id.* ¶ 41)

The Amended Complaint alleges the following claims: declaratory judgment pursuant to 28 U.S.C § 2201, *et seq.*, and Rule 57 of the Federal Rules of Civil Procedure (Count I); injunctive relief (Count II); equitable estoppel (Count III); vested rights (Count IV); a violation of Procedural Due Process under Delaware Constitution Article I, Sections 7 and 9 (Count V) and under 42 U.S.C. § 1983 (Count VI); a violation of Substantive Due Process under 42 U.S.C. § 1983 (Count VII); a violation of Equal Protection under 42 U.S.C. § 1983 (Count VIII); and a claim for attorneys' fees under 42 U.S.C. § 1988 (Count IX).

Defendants moved to dismiss Plaintiff's Amended Complaint on six grounds. First, Defendants contend that the state of Delaware and the City of Rehoboth Beach have adequate administrative remedies that would have provided E & R with procedural due process had E & R

3

pursued them. (D.I. 12 at 8) Defendants maintain that Plaintiff's failure to exhaust its administrative remedy bars Plaintiff from pursuing its state-law claims, procedural due process claim, and any claims for equitable relief (Counts I through VI). Second, Defendants argue that Plaintiff had an adequate remedy at law, which it failed to pursue, and, thus, is barred from asserting claims for equitable relief (Counts I through V). Third, Defendants maintain that Plaintiff's substantive due process claim (Count VII), based on the City's alleged "arbitrary and capricious" conduct, does not "shock-the-conscience" and, accordingly, is not actionable. Fourth, Defendants argue that Plaintiff's equal protection claim (Count VIII) must fail since E & R does not allege that it was similarly situated to any other individual or entity, or that there was no rational basis for any alleged differential treatment. Fifth, Defendants assert that Plaintiff has failed to challenge a zoning decision at the local level, and therefore, its section 1983 claims (Counts VI through VIII) are not ripe. Sixth, and finally, Defendants argue that because Plaintiff cannot prevail on its section 1983 claims, its claim for attorneys' fees (Count IX) should be dismissed.

## II. LEGAL STANDARDS

Defendants' motion to dismiss alleges lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure as well as failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6). When a court is faced with 12(b)(1) and 12(b)(6) motions to dismiss, as a general rule the correct procedure is to consider dismissal on the jurisdictional ground first, "for the obvious reason that if the court lacks jurisdiction to hear the case then *a fortiori* it lacks jurisdiction to rule on the merits." *Mortenson v. First Fed. Sav. & Loan Ass'n*, 549 F. 2d 884, 895 n. 22 (3d Cir. 1977).

4

## A. Fed. R. Civ. P. 12(b)(1)

"Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a complaint for lack of jurisdiction over the subject matter, or if the plaintiff lacks standing to bring his claim." *Samsung Electronics Co., Ltd. v. ON Semiconductor Corp.*, 541 F. Supp.2d 645, 648 (D. Del. 2008). Motions brought under Rule 12(b)(1) may present either facial or factual challenges to the Court's subject matter jurisdiction. *See CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008) (quoting *U.S. ex rel. Atkinson v. PA. Shipbuilding Co.*, 473 F. 3d 506, 514 (3d Cir. 2007)). In reviewing a facial challenge under Rule 12(b)(1), the Court must accept all factual allegations in the complaint as true and may only consider the complaint and documents referenced in or attached to the complaint. *See Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). In reviewing a factual challenge, "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Mortensen*, 549 F.2d at 891. In a factual attack, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist." (*Id.*)

When the issue of a court's jurisdiction and the merits of the case are intertwined, "a court may determine subject matter jurisdiction without reaching the merits, so long as the court 'demand[s] less in the way of jurisdictional proof than would be appropriate at the trial stage.'" *Gould Elecs.*, 220 F. 3d at 178 (quoting *Mortensen*, 549 F. 2d at 891) (permitting evaluation of jurisdiction for claim under Sherman Act where merits and jurisdiction were closely intertwined).

5

## B. Fed. R. Civ. P. 12(b)(6)

When evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court must accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). Nevertheless, "[t]o survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true.'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, heightened fact pleading is not required, but "enough facts to state a claim to relief that is plausible on its face" must be alleged. *Twombly*, 550 U.S. at 570. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). At a minimum, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

"[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558 (internal quotation marks omitted). The Court is not obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted),

6

"unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.,* 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver,* 82 F.3d 63, 69 (3d Cir. 1996).

## III. DISCUSSION

Defendants' principal argument is that E & R failed to exhaust available administrative remedies by failing to appeal to the Board of Adjustment – and, thereafter, if necessary, to the Delaware Superior and Supreme Court – and, therefore, most of Plaintiff's claims must be dismissed for lack of finality and/or as unripe. Defendants further contend that because Plaintiff had available to it adequate remedies at law, no claim for equitable relief is permitted. Finally, Defendants attempt to identify other deficiencies in the adequacy of Plaintiff's Amended Complaint, flaws that in Defendants' view require dismissal of at least some of Plaintiff's claims for failure to state a claim on which relief may be granted.

In the Discussion below, the Court first addresses at a broad level Defendants' contentions regarding failure to exhaust, finality, ripeness, and the availability of adequate remedies at law. Thereafter, the Court specifically addresses each of the claims of the Amended Complaint, applying its conclusions with respect to failure to exhaust and the related doctrines and further analyzing the pleading deficiencies Defendants identify with respect to specific claims. Ultimately, the Court concludes that only Plaintiff's claim for equitable estoppel may proceed.

### A. Failure to Exhaust, Finality, Ripeness, and Adequacy of Remedies at Law

E & R's Amended Complaint includes constitutional challenges to a land-use decision, claims that are brought pursuant to 42 U.S.C § 1983. "[I]n cases involving land-use decisions, a

property owner does not have a ripe, constitutional claim until the zoning authorities have had an opportunity to arrive at a final, definitive position regarding how [they] will apply the regulations at issue to the particular land in question." *Sameric Corp. of Delaware, Inc. v. City of Philadelphia*, 142 F.3d 582, 597 (3d Cir. 1998) (internal quotation marks omitted). Hence, a party presenting a constitutional challenge to a land-use decision generally must exhaust available administrative remedies before its claim is ripe for judicial review. *See, e.g., University of Medicine and Dentistry of New Jersey v. Corrigan*, 347 F.3d 57, 68 (3d Cir. 2003); *Warren v. New Castle County*, 2008 WL 2566947, at \*12 (D. Del. June 26, 2008); *Salem Church (Delaware) Associates v. New Castle Cnty.*, 2006 WL 2873745, at \*4 (Del. Ch. Oct. 6, 2006)

Defendants point to administrative remedies, established by both the State of Delaware and the City of Rehoboth, that were available to Plaintiff but which Plaintiff failed to pursue. In particular, Plaintiff had the right to appeal the rejection of its BPA to the Board of Adjustment ("BOA"), and from there to the Delaware Superior Court and ultimately the Delaware Supreme Court. (D.I. 12 at 8) Plaintiff's failure to exhaust these administrative remedies, in Defendants' view, requires that E & R's procedural due process claim under § 1983 – as well as E & R's state-law claims for declaratory and injunctive relief, equitable estoppel, vested rights, and violations of the Delaware Constitution – must be dismissed. *(Id.)* Relatedly, according to Defendants, because there is no final decision from the BOA, Plaintiff's claims for violation of procedural and substantive due process, as well as its claim for violation of the Delaware Constitution, are not ripe for judicial review. *(See id.* at 16)

Defendants elaborate that Plaintiff's BPA was rejected on October 14, 2014, triggering a 30-day period in which Plaintiff could have filed an appeal with the BOA. Any conversations

8

Plaintiff or its representatives had with City officials, Defendants contend, did not absolve

Plaintiff of its obligation to pursue the administrative remedy available to it. (*See id.* at 8)

Defendants add further that even if Plaintiff believed the date of rejection was November 17,

2014, that gave Plaintiff until 30 days thereafter to file an appeal with the BOA, but Plaintiff

failed to do so (choosing instead to file suit in the Delaware Court of Chancery). (*See id.* at 9)

In opposition to these contentions, Plaintiff relies largely on the repeated communications

it and its representatives had with City officials throughout the relevant time. (*See* D.I. 14 at 5,

16-17) In Plaintiff's view, Defendants directed Plaintiff to pursue an alternative avenue of

review – for instance, meetings with the Mayor and City Solicitor – and induced Plaintiff into

agreeing not to pursue its administrative remedies. (*See id.* at 10-11) Under these circumstances,

according to Plaintiff, the requirement to exhaust administrative remedies does not apply. (*See

id.* at 8, 15) Moreover, Plaintiff continues, the disputes presented in the Amended Complaint

are ripe because the allegations make clear that Defendants did make a final decision, i.e., to

apply the moratorium to Plaintiff's application. (*See id.* at 22)

The Court agrees with Defendants that Plaintiff has not exhausted its administrative

remedies. Plaintiff does not allege (nor could it) that it took an appeal of the denial of its BPA to

the BOA or, from there, to the Delaware Superior Court. Instead, Plaintiff alleges that it agreed

with Defendants not to pursue such legal remedies in favor of an effort to obtain reconsideration

of the denial in the course of discussions with City officials, including the Mayor.

Even when a plaintiff alleges that defendants strayed from established procedure in

revoking a permit, the Third Circuit has held that "the local authorities should be given the

opportunity to fully and finally determine the scope of the injury before federal claims ripen."

9

*Taylor Inv., Ltd. v. Upper Darby Twp.*, 983 F.2d 1285, 1294 (3d Cir. 1993). More generally, a "plaintiff must have taken advantage of the processes that are available to him or her, unless those processes are unavailable or patently inadequate." *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000). This finality rule, however, has exceptions. When a plaintiff can show that "exhaustion of remedies would plainly have been futile, generally because the administrative body the plaintiff avoided had no power to provide the relief sought," its claim (e.g., procedural due process) might be able to proceed. *Warren*, 2008 WL 2566947, at *16. Here, Plaintiff has failed to adequately allege that the BOA (and, thereafter, the Superior and Supreme Courts) had no power to review (and alter) the decision to deny the BPA.

In the next section, the Court applies this determination regarding failure to exhaust and related doctrines to the specific claims pled by Plaintiff.

## B. Analysis of Specific Claims

### 1. Procedural Due Process

To establish a procedural due process claim, a plaintiff must show: (1) a deprivation of an individual interest encompassed by the Fourteenth Amendment's protection of life, liberty or property; and (2) that the procedures available for challenging this deprivation did not provide due process of law. *See Alvin*, 227 F.3d at 116. "[A] state provides constitutionally adequate procedural due process when it provides reasonable remedies to rectify a legal error by a local administrative body." *DeBlasio v. Zoning Board of Adjustment*, 53 F.3d 592, 597 (3d Cir. 1995) (abrogated in part on other grounds by *United Artists Theater Circuit, Inc. v. Twp. of Warrington*, 316 F.3d 392, 400 (3d Cir. 2003)).

Plaintiff claims that Defendant Cooper, his agents, and other City employees violated

Plaintiff's right to procedural due process under the U.S. Constitution and the Delaware Constitution when they "engaged in a sustained effort to deprive E & R of a neutral review" of its permit application. (D.I. 14 at 16) E & R points to Defendants' failure to make the Adopted Resolution available in written form before Plaintiff submitted its BPA (D.I. 5 ¶ 24) as well as Plaintiff's conversations with City officials following the rejection of its BPA. Plaintiff alleges these amount to "false promises that deprived E & R of its due process rights." (D.I. 5 ¶ 76)

The parties are in agreement that Plaintiff had a protected property interest in the BPA, so the Court will not reevaluate this issue. Plaintiff's due process claims (federal and state) must nonetheless be dismissed because Plaintiff has failed to adequately allege that an appeal to the BOA was unavailable or would have been inadequate. Plaintiff had (at least) 30 days after October 14, 2014 to appeal the City's rejection of its BPA. Plaintiff's conversations with City officials may have implied an alternative means to resolve the issue, but that did not remove the option of appeal (either in tandem with other methods of dispute resolution or as an alternative to the other methods). Plaintiff retained counsel at least as of November 6, 2014 but made no effort to appeal the rejection of its BPA. (D.I. 5 ¶ 39) Alternatively, if the key date is the November 17 "final rejection" of the BPA, Plaintiff had every opportunity to file an appeal with the BOA thereafter (in tandem with its litigation or as an alternative to the lawsuit).

Plaintiff does not adequately allege that the BOA appeals process would have been inadequate. In its briefing, Plaintiff largely focuses on the adequacy of the alternative procedure it pursued – that is, the conversations it had with City officials (*see* D.I. 14 at 16) – but this is the wrong inquiry. "Under well settled case law of this Circuit, when a state 'affords a full judicial mechanism with which to challenge the administrative decision' at issue, it provides adequate

procedural due process, irrespective of whether plaintiffs avail themselves of the provided appeal process." *Prosperi v. Twp. of Scott*, 2006 WL 2583754, at *3 (W.D. Pa. Sept. 7, 2006) (citing *DeBlasio*, 53 F.3d 592 at 597).

Under Delaware law, "[a]ppeals to the Board of Adjustment may be taken by any person refused a building permit, or from the decision of any administrative officer or agency based upon or made in the course of the administration or enforcement of the provisions of the zoning regulations." Del. Code Ann. tit. 9, § 6916 (West). In Rehoboth, the Board of Adjustment has the power "to hear and decide appeals where it is alleged that there is error in any order, requirement, decision or determination made by the Building Inspector in the enforcement of this chapter or by any ordinance supplemental hereof." (D.I. 14 Ex. B) Plaintiff alleges that the Building Inspector did not make the decision to apply the Adopted Resolution to Plaintiff's BPA, but rather that this direction came from the Mayor or other high-ranking City officials. (*See id.* at 8) However, such an action by the Mayor would appear to be *ultra vires*. *See Levy Court of Kent Cnty. v. City of Dover*, 333 A.2d 161, 162 (Del. 1975); *Hartman v. Buckson*, 467 A.2d 694, 699 (Del. Ch. 1983). The plausible allegation in the Amended Complaint is that the Mayor directed the Building Inspector to apply the Adopted Resolution to the BPA – which, as a matter of law, results in a decision of the Building Inspector (to reject the BPA) which is subject to further review by the BOA.

Accordingly, the Court will dismiss Plaintiff's procedural due process claims.

### 2. Equal Protection

E & R's claim that its rights to equal protection were violated is predicated on a theory that Defendants selectively applied the Adopted Resolution to it but not to others who were

12

similarly situated. (*See* D.I. 5 ¶ 90) To establish a claim of selective enforcement, a plaintiff must show: "(1) that he was treated differently from other similarly situated individuals, and (2) that this selective treatment was based on an unjustifiable standard, such as race, religion, or some other arbitrary factor, or to prevent the exercise of a fundamental right." *Adams v. Officer Eric Selhorst*, 449 F. App'x 198, 203-204 (3d Cir. 2011) (internal quotation marks omitted).

Where no suspect class is alleged and no fundamental right infringed, an equal protection claim is not ripe until the applicable zoning authority has taken final action. *See Taylor*, 983 F.2d at 1294. In *Taylor*, the Third Circuit explained that "until the Township has fully and finally considered how a specific landowner is treated under the zoning scheme, a federal court cannot determine whether the landowner has been dissimilarly treated or whether such treatment is rationally related to a legitimate government purpose." *Id.* at 1295. Further, "the injury – dissimilar and irrational treatment – ripens only after the zoning hearing board takes final and definitive action through its variance or review procedures." *Id.* Here, Plaintiff has not alleged that the BOA took final and definitive (or any) action, as Plaintiff did not file an appeal that would have permitted the BOA to do so.

There is an exception to the finality rule when a party presents a facial challenge to a zoning ordinance and contends that *any* application of the regulation is unconstitutional. *See Cnty. Concrete Corp. v. Town of Roxbury*, 442 F.3d 159, 164 (3d Cir. 2006). Here, Plaintiff does not present a facial challenge, but instead claims that Defendants violated its rights to equal protection when they selectively applied Adopted Resolution No. 0914-02 to E & R. (D.I. 5 ¶ 90) Thus, the exception does not apply, and Plaintiff's failure to comply with the exhaustion requirement leaves the Court without a final decision of a local zoning board and, therefore, an

unripe dispute. Accordingly, the Court will dismiss Plaintiff's equal protection claim.

### 3. Substantive Due Process

"The finality rule does not apply to an as-applied substantive due process claim when the landowner alleges extreme 'wrongful conduct' by the government entity directed at the landowner." *Warren*, 2008 WL 2566947, at \*16 (D. Del. June 26, 2008) (citing *Cnty. Concrete*, 442 F.3d at 166). Plaintiff claims that "Defendants' extreme wrongful conduct was explicitly directed at E & R, and the City's officials, including Cooper, directly interfered and usurped the process by which the City ordinarily issues permits, in order to block and/or delay the issuance of E & R's permit" for reasons unrelated to the merits of the permit. (D.I.5 ¶ 84). The Court views the finality rule as not applicable to Plaintiff's substantive due process claim.

Having made that determination, the Court must next evaluate whether the substantive due process claim adequately states a claim to survive dismissal under Rule 12(b)(6). It does not. An element of a meritorious substantive due process claim is that Plaintiff allege (and ultimately prove) that Defendants deprived Plaintiff of a protected property interest and that the deprivation "shocks the conscience." *Perano v. Twp. of Tilden*, 423 F. App'x 234, 238 (3d Cir. 2011) (citation omitted). "[C]onduct intended to injure in some way unjustifiable by any government interest is the sort of action most likely to rise to the conscience-shocking level." *MARJAC, LLC v. Trenk*, 380 F.App'x 142, 147 (3d. Cir. 2010). The test "varies depending on the factual context," but one purpose of the standard is to "avoid converting federal courts into super zoning tribunals." *Eichenlaub v. Twp. of Indiana*, 385 F.3d 274, 285 (3d Cir. 2004) (internal quotation marks omitted). Plaintiff has not alleged sufficient facts, which, if proven, would demonstrate behavior by Defendants that "shocks the conscience."

14

Assuming, as the Court must at this point, that City officials repeatedly misinformed Plaintiff about appropriate procedures for further review of the rejection of its BPA, and applied the Adopted Resolution "*after* being provided with Delaware precedent establishing that such application was not permissible" (D.I. 14 at 19) (emphasis in original) (citing *Wilmington Materials, Inc. v. Town of Middletown*, 1988 WL 135507 (Del. Ch. Dec. 16, 1988)),[1] this is not the type of conduct that courts have viewed as shocking the conscience. *See, e.g., United Artists*, 316 F.3d at 399-400; *Shamrock Creek, LLC v. Borough of Paramus*, 2014 WL 4824353, at *4 (D.N.J. Sept. 24, 2014) (noting it has been rare since *United Artists* that Third Circuit has found conduct meets high "shocks-the-conscience" standard). As the District of New Jersey recently explained:

> In *Eichenlaub*, the following did not shock the conscious: (1) selective application of subdivision requirements, (2) unannounced and unnecessary inspection and enforcement actions, (3) delaying permits and approvals (4) improperly increasing tax assessments, and (5) maligning and muzzling property owners. *Eichenlaub*, 385 F.3d at 286. In *DB Enterprise Developers & Builders, Inc. v. Micozzie*, 394 F. App'x 916 (3d Cir. 2010) the Third Circuit addressed allegations that a government official coerced plaintiff to perform unpaid road and sewer work by threatening to shut down project development work. The Court found that this action did not state a claim under the "shocks the conscience" standard. (*Id.* at 917-18) In *Locust Valley Golf Club. Inc. v. Upper Saucon Tp.*, 391 F. App'x 195 (3d Cir. 2010) the Third Circuit held that allegations that a government official was blocking development of a property "in the remote hope that he might one day purchase the property himself did not shock the conscience. *Id.* at 199. The

---

[1] *Wilmington Materials*, 1988 WL 135507, at *3, involved an asphalt producer which incurred expenses in reliance on assurances from town officials that its building proposal was permitted under the applicable zoning classification. Thereafter, following citizen protest, the town adopted an amendment that specifically and retroactively prohibited the manufacture of concrete, which the Court found was adopted with "the clear intent . . . to prohibit [Plaintiff] from using the site for any of its intended purposes." *Id.* at *6. Plaintiff does not make the same type of allegation here.

court affirmed the district court's finding of summary judgment.
*Id.*

*Shamrock Creek*, 2014 WL 4824353, at \*4.

To the further extent that Plaintiff's substantive due process claim is based on selective application of the Adopted Resolution, that allegation is the core of Plaintiff's equal protection claim. A substantive due process claim should not be used to revive a deficiently-pled equal protection claim. *See Eichenlaub v. Twp. of Indiana*, 385 F.3d 274, 287 (3d Cir. 2004).

Accordingly, the Court will dismiss Plaintiff's substantive due process claim.

### 4.  Equitable Estoppel

The Court disagrees with Defendants' contention that the failure to exhaust administrative remedies dooms Plaintiff's equitable estoppel claim. In making this argument, Defendants further contend that an appeal to the BOA is an adequate remedy at law and, therefore, Plaintiff cannot pursue equitable relief of any kind in Court. (D.I. 12 at 11)

In *Eastern Shore Environmental, Inc., v. Kent County Department of Planning*, 2002 WL 244690. at \*3 (Del. Ch. Feb. 1, 2002), the Delaware Court of Chancery held that a county board of adjustment did not have subject matter jurisdiction over a claim based on equitable estoppel. The Court reasoned that the plaintiff was not questioning the merits of the county's decision but rather the fact that the county had changed its position regarding what zoning was legally required. *See id.* at \*6. As such, the plaintiff did not complain about an area under BOA jurisdiction ("error in any requirement, decision, or refusal made by an administrative official or agency based on or made in the performance of zoning regulations"). *Id.* at \*5. Moreover, since the issue of equitable estoppel did not involve administrative expertise or discretion, exhaustion

16

of administrative remedies doctrine did not apply. (*Id.*)

To plead an equitable estoppel claim, Plaintiff must adequately allege that: (i) acting in good faith, (ii) it relied on affirmative acts or representations of the government, (iii) by making substantial improvements to property, and (iv) it would be inequitable to allow the government to impair or destroy the rights the property owner has thereby acquired. *See id.* at *4. Here, Plaintiff has alleged that the City told E & R that its BPA would be reviewed under the zoning standard in place on September 12, 2014. That standard allowed for applicants to submit clarification or additional information to cure any defects rendering an application otherwise deficient. In reliance on the City's representation, Plaintiff filed its application to build a pool and continued preparing for construction on the property. Subsequently, Defendants acted inequitably by reversing themselves and applying the Ordinance contained in the Adopted Resolution to Plaintiff's BPA and rejecting that BPA without giving Plaintiff the opportunity it would otherwise have had to cure any defects. Plaintiff has adequately pled a claim for equitable estoppel.

Therefore, the Court will allow Plaintiff's equitable estoppel claim to proceed.

## 5. Vested Rights

The doctrines of equitable estoppel and vested rights are theoretically distinct yet often applied interchangeably. "Estoppel focuses on whether it would be inequitable to allow the government to repudiate its prior conduct; vested rights [focuses] upon whether the owner acquired real property rights which cannot be taken away by government regulation." *Miller v. Bd. of Adjustment of Town of Dewey Beach*, 521 A.2d 642, 645 (Del. Super. 1986) (internal citation omitted).

17

Here, while E & R's equitable estoppel claim is based on the City changing its position, E & R's vested rights claim is based on the City's rejection of the BPA. The rejection of the BPA, as already explained, could have been appealed to the BOA. Plaintiff is not excused from failing to pursue its administrative remedies before presenting its vested rights claim in litigation. Accordingly, Plaintiff's vested rights claim will be dismissed.

### 6. Injunctive and Declaratory Relief

In the Amended Complaint, E & R states separate claims seeking injunctive and declaratory relief. The Court will determine an appropriate remedy after Plaintiff prevails on its remaining substantive claim (equitable estoppel), if Plaintiff prevails. In this context it is unnecessary for Plaintiff to set out in separate counts of its complaint each of the types of relief it will seek if and when it prevails in this case. Accordingly, the Court will dismiss Plaintiff's counts for injunctive and declaratory relief, but these dismissals are without prejudice to Plaintiff seeking whatever relief it believes appropriate after Plaintiff prevails on its equitable estoppel claim (if, in fact, Plaintiff does prevail).

### 7. Attorneys' Fees

Plaintiff seeks to recover attorneys' fees in the event it prevails on its claims brought pursuant to section 1983. The section 1983 claims will be dismissed. Accordingly, Plaintiff's claim to recover attorneys' fees must also be dismissed.

### C. Leave to Amend

Plaintiff has requested that, at least with respect to certain claims (e.g., equal protection), if the Court decides dismissal is appropriate, Plaintiff should be given the opportunity to file a Second Amended Complaint. (*See, e.g.*, Tr. at 58-59) Defendants oppose this request. (*See id.*

at 25-26) While leave to amend is to be freely granted, *see* Fed. R. Civ. P. 15(a), it should be denied where, as here, amendment would be futile, *see Alvin*, 227 F.3d at 121 (internal citation omitted). Given the Court's conclusions with respect to failure to exhaust, and the deficiencies identified with respect to the equal protection claim, even amended versions of these claims would be subject to dismissal. Therefore, the Court exercises its discretion to deny Plaintiff's request for leave to amend.

## D. Supplemental Jurisdiction

Having reviewed each of the claims in the Amended Complaint, the Court has determined that all should be dismissed except Plaintiff's claim for equitable estoppel. The equitable estoppel claim is governed by Delaware state law. It could be brought in Delaware's state courts, as it initially was, prior to removal of the case by Defendant. Thus, the Court must decide whether to exercise its discretion to exercise supplemental jurisdiction over this remaining, state-law claim. *See* 28 U.S.C. § 1367. The Court has decided not to do so.

When the Court inquired as to the parties' views on this issue, Defendants – despite having removed the case to federal court – expressed a preference that, in the event only state-law claims remained, the case be returned to state court. *(See* Tr. at 26) For its part, Plaintiff said that it "would be happy in either court" and "just want[s] the issue resolved in the most expeditious manner possible." *(Id.* at 60) While this Court is on track to conduct a jury trial in this matter beginning June 21, 2016 *(see* D.I. 29), the Court anticipates that returning this case to the Delaware Court of Chancery will not slow down its progress (and will likely accelerate it). In light of the parties' positions, and that only a state-law claim remains to be litigated, the Court

19

sees no reason to retain this case in federal court.[2]

The Court will direct the parties to propose an order to return this case to the Delaware

Court of Chancery and to permit E & R to proceed with its equitable estoppel claim.[3]

## IV.    CONCLUSION

For the reasons stated above, Defendants' motion to dismiss will be granted in part and

denied in part. In particular, all of Plaintiff's claims, other than for equitable estoppel, will be

dismissed. An appropriate Order follows.

---

[2]*See generally Thomas v. Bd. of Educ. of Brandywine Sch. Dist.*, 759 F. Supp. 2d 477, 498 (D. Del. 2010) ("Generally, where, as here, all substantive federal claims are resolved prior to trial, the primary justifications for retaining jurisdiction over state law claims are no longer viable. *See, e.g., Seabrook v. Jacobson,* 153 F.3d 70, 72 (2d Cir. 1998) (noting that it is particularly appropriate for district court to dismiss state claim where "the federal claim on which the state claim hangs has been dismissed"); *Parker & Parsley Petroleum v. Dresser Indus.,* 972 F.2d 580, 585 (5th Cir. 1992) ("Our general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed."); *see also* 16 Moore's Federal Practice Civil § 106.66.).)

[3]The Court is aware that a related case is pending before it. *See DePasquale v. City of Rehoboth Beach*, C.A. No. 15-111-LPS.  The Court will be soliciting the views of the parties in that case as to how today's decision impacts that case, including the motion to dismiss pending there and whether that case should proceed (if at all) here or in the Delaware Court of Chancery.

20